IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CRAIG YOW**,

**PLAINTIFF,**

v.   No. 14-0992-DRH

**JACK COOPER TRANSPORT COMPANY, INC., and AUTO HANDLING CORPORATION,**

**Defendants.**

<u>**MEMORANDUM and ORDER**</u>

**HERNDON, District Judge:**

Pending before the Court is defendant Auto Handling Corporation's motion to stay proceedings (Doc. 14). Specifically, defendant moves the Court to stay this matter pending resolution of the motion to dismiss. Clearly, plaintiff opposes the motion (Doc. 26). Based on the following, the Court finds that a stay is not warranted and denies the motion.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). To exercise this power to stay proceedings, the Court must first weigh any competing interests. *Id.; see also Radio Corp. of Am. v. Igoe,* 217 F.2d 218, 220 (7th Cir.1954) ("Benefit and hardship will be set off, one against the other, and upon an ascertainment of the balance the court will exercise a discretionary judgment in the exercise of its

power"). District courts are afforded a wide latitude of discretion in deciding whether to stay proceedings, and their decisions will not be reversed save for an abuse thereof. *Northfield Ins. Co. v. City of Waukegan,* 701 F.3d 1124, 1133 (7th Cir. 2012).

Here, defendant argues that the benefit to the parties and the Court of avoiding a waste of resources outweighs any otherwise negligible hardships that may be caused by the stay pending resolution of the motion to dismiss. Defendant also argues that the Court should stay the proceedings pending the appellate decision in *Yow v. Jack Cooper Transport Co., Inc.,* 5-14-0006, as the outcome of that appeal will affect the outcome of this case.

The Court finds that it is not in the interest of justice of judicial economy to stay this matter. As noted by plaintiff, the complaint at the case at bar contains allegations that *both* defendant and co-defendant Jack Cooper Transport, acting through their officers, directors and attorneys, engaged in fraudulent behavior in this Court and in an Illinois Circuit Court. The Court does not find that a stay is warranted because defendant Auto Handling Company merely filed a motion to dismiss. The motion does not raise a threshold defense such as qualified immunity; but rather the motion appears to be a routine Rule 12(b)(6) motion, one for lack of personal jurisdiction and a motion to transfer to the Western District of Missouri. Further, the Court finds that the outcome in the Illinois Appellate case will not resolve the issues in this case as plaintiff is seeking different relief. For instance, in the Illinois Appellate case, plaintiff is seeking against Jack Cooper

Transport a monetary penalty that can be imposed under Illinois Supreme Court Rule 219 for willful violations of a party's discovery obligations. Also, relevant as to that appeal, Auto Handling Corporation is not a party to that action. In this case, plaintiff has counts against both defendants that do not require of finding of "willful" conduct. Moreover, a decision from the appellate court could take years. Lastly, the Court notes that Jack Cooper Transport filed a motion to set aside entry of default and its attorneys entered appearances on November 14, 2014 (Docs. 22, 24, 25). Thus, Auto Handling Corporation's arguments that the case should be stayed until Jack Cooper Transport is served are moot.

Accordingly, the Court **DENIES** the motion to stay proceedings (Doc. 14).

**IT IS SO ORDERED.**

Signed this 17th day of November, 2014.

Digitally signed by
David R. Herndon
Date: 2014.11.17
14:20:51 -06'00'

**United States District Court**